UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| STEPHEN T. SHIPP, | ) | |
| --- | --- | --- |
| Petitioner, | ) | |
| v. | ) | No. 4:10CV02313 AGF |
| JENNIFER SACHSE,[1] | ) | |
| Respondent. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Petitioner's application for writ of habeas corpus pursuant to 28 U.S.C. § 2254[2]. The petition is successive and shall be summarily dismissed.

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provides that a district court shall summarily dismiss a § 2254 petition if it plainly appears that the petitioner is not entitled to relief.

After trial by jury in the Circuit Court of Iron County, Petitioner was found guilty of assault in the second degree, resisting arrest, and unlawful use of a weapon.

---

[1]The proper respondent in this case is Jennifer Sachse, Warden of Missouri Eastern Correctional Center.

[2]Although Petitioner has indicated he is bringing the present action pursuant to 28 U.S.C. § 2241, because he is in custody pursuant to the judgment of a state court, Petitioner can only obtain habeas relief through 28 U.S.C. § 2254, not § 2241, no matter how his pleading is styled. See, e.g., Crouch v. Norris, 251 F.3d 720, 723 (8th Cir. 2001); see also United States v. Farley, 971 F. Supp. 184, 185 (E.D. Pa. 1997) (habeas petitioners may not circumvent AEDPA's requirements through creative titling of their petitions).

Petitioner was sentenced to twelve (12) years imprisonment on August 28, 2002. Petitioner filed for both state and federal habeas relief after the conviction. Petitioner's application for writ of habeas corpus pursuant to 28 U.S.C. § 2254 was denied by this Court on December 10, 2010. See Shipp v. Sachse, No. 4:10CV1121 AGF (E.D. Mo.).

To the extent that Petitioner seeks to relitigate claims that he brought in his original petition, those claims must be denied pursuant to 28 U.S.C. § 2244(b)(1). To the extent that Petitioner seeks to bring new claims for habeas relief, Petitioner must obtain leave from the United States Court of Appeals for the Eighth Circuit before he can bring those claims in this Court. 28 U.S.C. § 2244(b)(3)(A). Petitioner has not been granted leave to file a successive habeas petition in this Court. As a result, the petition shall be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's petition for writ of habeas corpus is **DISMISSED**.

A separate Order of Dismissal shall accompany this Memorandum and Order.

    *Audrey G. Fleissig*
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 23rd day of December, 2010.